UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD D. BURGESS,

    Plaintiff,

v.                                                                     Case No. 1:22-cv-997
                                                                     Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant,
_____/

## OPINION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner) which denied his claim for supplemental security income (SSI).

On April 20, 2017, plaintiff protectively filed an application for SSI, alleging disability beginning December 18, 2014. PageID.65. Plaintiff identified his disabling conditions as heart disease, heart attack, stent in the heart, mental health issues, depression, and anxiety. PageID.232. Prior to applying for SSI, plaintiff completed the 12th grade and had past relevant work as a stock clerk and a composite job as a material handler & industrial truck operator.[1] PageID.74, 233. An administrative Law Judge (ALJ) reviewed plaintiff's application de novo and entered a written decision denying benefits on March 21, 2019. PageID.65-76.

---

[1] Social Security Ruling (SSR) 82-61, 1982 WL 31387 at *3, refers to the term "composite jobs" as follows, "[C]omposite jobs have significant elements of two or more occupations and, as such, have no counterpart in the DOT [*Dictionary of Occupational Titles*]. Such situations will be evaluated according to the particular facts of each individual case." *See, e.g.*, *Smith v. Commissioner of Social Security*, No. 1:14-cv-920, 2015 WL 5592793 at *3 (W.D. Mich. Sept. 22, 2015).

1

After lengthy post-hearing proceedings at the administrative level, plaintiff filed a lawsuit in this Court "to review the final decision of the Defendant herein, which decision was an action of the Appeals Council of Defendant, that took place on September 23, 2020." *See Burgess v. Commissioner*, 1:20-cv-1120 ("*Burgess I*") (Compl. (ECF No. 1)).  The lawsuit resulted in a stipulation to remand, which provided in pertinent part:

> IT IS HEREBY STIPULATED AND AGREED . . . that pursuant to the fourth sentence of 42 U.S.C. § 405(g), the Commissioner's final decision dated March 21, 2019, is reversed, and plaintiff's claim for supplemental security income filed on April 20, 2017, is remanded for further administrative proceedings.
>
> On remand, the Commissioner will reconsider Plaintiff's response to the show cause letter and the request for review.

*Burgess I* (Order granting stipulation) (October 19, 2021) (ECF No. 23).  In a Notice dated March 30, 2022, the Appeals Council advised plaintiff:

> This is about your request for review of the Administrative Law Judge's decision dated March 21, 2019. You submitted reasons that you disagree with the decision.  We considered the reasons and exhibited them on the enclosed Order of the Appeals Council. We found that the reasons do not provide a basis for changing the Administrative Law Judge's decision.

PageID.718. The ALJ's March 21, 2019 decision has become the final decision of the Commissioner and is now before the Court for review.

   I.   **LEGAL STANDARD**

The federal courts review the Commissioner's factual findings for substantial evidence and give fresh review to its legal interpretations."  *Taskila v. Commissioner of Social Security*, 819 F.3d 902, 903 (6th Cir. 2016).  This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence.  42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990).  "[T]he threshold for such evidentiary sufficiency is not high."  *Biestek v. Berryhill*, -- U.S. --, 139

S. Ct. 1148, 1154 (2019). "Substantial evidence, this Court has said, is more than a mere scintilla. It means — and means only — such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (internal quotation marks and citations omitted).

A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health and Human Services*, 925 F.2d 146 (6th Cir. 1990). The scope of this review is limited to an examination of the record only. This Court does not review the evidence de novo, make credibility determinations, or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). "If the [Commissioner's] decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994).

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that

3

she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

"The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases." *D'Angelo v. Commissioner of Social Security*, 475 F. Supp. 2d 716, 719 (W.D. Mich. 2007). "The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II. ALJ's DECISION

Plaintiff's claim failed at the fifth step of the evaluation. At the first step, the ALJ found that plaintiff has not engaged in substantial gainful activity since his application date of

4

April 20, 2017. PageID.67. At the second step, the ALJ found that plaintiff had severe impairments of: chronic obstructive pulmonary disease (COPD); heart disease status post stent placement; degenerative disc disease; obesity; depression; and anxiety. *Id*. At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. *Id*.

The ALJ decided at the fourth step that:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except he can occasionally climb ramps and stairs. He can never climb ladders, ropes, or scaffolds. He can occasionally balance, stoop, kneel, crouch, and crawl. He can never work at unprotected heights. He can occasionally work in humidity, wetness, extreme heat, dusts, odors, fumes, and pulmonary irritants. He can perform simple, routine tasks. He can interact occasionally with coworkers and never interact with the public. He is limited to low stress work.

PageID.69. The ALJ also found that plaintiff is unable to perform any past relevant work. PageID.74.

At the fifth step, the ALJ found that plaintiff could perform a significant number of unskilled jobs at the sedentary exertional level. PageID.75-76. Specifically, the ALJ found that plaintiff could perform the requirements of occupations in the national economy such as a document preparer (61,000 jobs), a table worker (10,000 jobs), and a final assembler (21,000 jobs). PageID.75. Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, from April 20, 2017 (the date he filed the application) through March 21, 2019 (the date of the decision). PageID.76.

### III. DISCUSSION

Plaintiff raises two errors on appeal.

### A. Did the ALJ err by not properly finding that plaintiff's depression and anxiety meets and/or equals the criteria of Listing 12.04C and/or 12/06C?

Plaintiff contends that he meets Listing 12.04 (Depressive, bipolar and related disorders) and Listing 12.06 (Anxiety and obsessive-compulsive disorders). For adults, the Listing of Impairments "describes for each of the major body systems impairments that we consider to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." 20 C.F.R. § 416.925(a). A claimant bears the burden of demonstrating that he meets or equals a listed impairment at the third step of the sequential evaluation. *Evans v. Secretary of Health & Human Services*, 820 F.2d 161, 164 (6th Cir. 1987). In order to be considered disabled under the Listing of Impairments, "a claimant must establish that his condition either is permanent, is expected to result in death, or is expected to last at least 12 months, as well as show that his condition meets or equals one of the listed impairments." *Id*. "To meet the requirements of a listing, [a claimant] must have a medically determinable impairment(s) that satisfies all of the criteria of the listing." 20 C.F.R. § 416.925(d). *See Hale v. Secretary of Health & Human Services*, 816 F.2d 1078, 1083 (6th Cir.1987) (a claimant does not satisfy a particular listing unless all of the requirements of the listing are present).

"When a claimant alleges that he meets or equals a listed impairment, he must present specific medical findings that satisfy the various tests listed in the description of the applicable impairment or present medical evidence which describes how the impairment has such equivalency." *Thacker v. Social Security Administration*, 93 Fed. Appx. 725, 728 (6th Cir 2004).

> For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify.

*Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (emphasis in original).

To meet the requirements for Listing 12.04 or 12.06, plaintiff must establish either the A and B criteria of the listing, or the A and C criteria of the listing. *See* Listings 12.04 and 12.06. Here, plaintiff contends that he meets the A and C criteria. The ALJ did not contest that plaintiff met the A criteria of these listings. *See* PageID.67.[2] The C criteria for both Listings 12.04 and 12.06 are as follows:

> C. Your mental disorder in this listing category is "serious and persistent;" that is, you have a medically documented history of the existence of the disorder over a period of at least 2 years, and there is evidence of both:
>
> 1. Medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of your mental disorder (see 12.00G2b); and
>
> 2. Marginal adjustment, that is, you have minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life (see 12.00G2c).

Here, the ALJ addressed the C criteria for Listings 12.04 and 12.06 as follows:

> Individually, or in combination, the medical evidence does not document impairments of listing-level severity, and no acceptable medical source has mentioned findings equivalent in severity to the criteria of any listed impairment, individually, or in combination. The undersigned has evaluated the signs, symptoms, and laboratory findings of the claimant's severe impairments, finding that they do not meet or medically equal in severity or duration the criteria listings of 1.04, 3.02, 4.04, 12.04, 12.06, or any other listing. . . .
>
> The undersigned has also considered whether the "paragraph C" criteria are satisfied. In this case, the evidence fails to establish the presence of the "paragraph C" criteria. The record does not establish that the claimant has only marginal adjustment, that is, a minimal capacity to adapt to changes in the claimant's environment or to demands that are not already part of the claimant's daily life. Therefore, the requirements of the "paragraph C" criteria are not satisfied.

PageID.67-68.

---

[2] For both Listing 12.04 and Listing 12.06, the A criteria requires "Medical documentation." The Court notes that the ALJ found that plaintiff had severe impairments of both depression and anxiety.

The ALJ does not contest that plaintiff met the C1 criteria. *See* PageID.67-68. The issue before the Court is whether plaintiff met the C2 criteria. Listing 12.00G2b states that:

> The criterion in C2 is satisfied when the evidence shows that, despite your diminished symptoms and signs, you have achieved only marginal adjustment. "Marginal adjustment" means that your adaptation to the requirements of daily life is fragile; that is, you have minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life. We will consider that you have achieved only marginal adjustment when the evidence shows that changes or increased demands have led to exacerbation of your symptoms and signs and to deterioration in your functioning; for example, you have become unable to function outside of your home or a more restrictive setting, without substantial psychosocial supports (see 12.00D). Such deterioration may have necessitated a significant change in medication or other treatment. Similarly, because of the nature of your mental disorder, evidence may document episodes of deterioration that have required you to be hospitalized or absent from work, making it difficult for you to sustain work activity over time.

Here, plaintiff cited medical records which might support a finding that he has achieved only "marginal adjustment". For example, Marlo Kirby, NP stated on December 4, 2018:

> Customer has a history of depression off and on since he was a kid. He does not have any other disorders his depression can be attributed to. He has not had a history of manic or mixed episodes but has suffered with feelings of worthlessness and hopelessness. He also has a difficult time motivating himself to accomplish daily tasks as well as even getting out of bed. He states he could stay in bed all day and there are days he just lays around on the couch and does not do anything all day. Customer seems to have moderate Major Depressive Disorder without psychotic features.
>
> Customer has a marked fear of social situations fearing humiliation or embarrassment. When customer goes into an environment such as a social gathering, customer will most times have a panic attack. Customer recognizes the anxiety is excessive but will also avoid social situations which causes problems for customer since customer is afraid to attend work due to the possibility of being humiliated or embarrassed at work. Customer does not have a history of drug abuse and this is not due to another medical condition. It seems customer is dealing with Social Anxiety.
>
> Difficulty with falling asleep and staying asleep leading to the dx of Insomnia.

PageID.610.³  *See* Plaintiff's Brief (ECF No. 14, PageID.752-754).

The ALJ does not need to discuss all of the evidence which he or she considered in evaluating a listed impairment. *See, e.g.*, *Bledsoe v. Barnhart*, 165 Fed. Appx. 408, 411 (6th Cir. 2006) (observing that "[t]he ALJ did not err by not spelling out every consideration that went into the step three determination"). Here, however, the ALJ "spelled out" nothing about how he evaluated paragraph C2; the ALJ simply stated his conclusion that plaintiff did not meet C2. An ALJ "must articulate, at some minimum level, his analysis of the evidence to allow the appellate court to trace the path of his reasoning." *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995). "It is more than merely 'helpful' for the ALJ to articulate reasons . . . for crediting or rejecting particular sources of evidence. It is absolutely essential for meaningful appellate review." *Hurst v. Secretary of Health and Human Services*, 753 F.2d 517, 519 (6th Cir. 1985). In this case, the Court cannot trace the path of the ALJ's reasoning with respect to why plaintiff failed to meet Listing 12.04C2 or Listing 12.06C2. Accordingly, this matter will be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner will be directed to re-evaluate whether plaintiff meets Listing 12.04, Listing 12.06, or both.

> **B.    Since the ALJ found that plaintiff has two severe mental impairments, and degenerative disc disease pain did his RFC assessment fully consider the impact of these impairments on functional ability as required by SSR 96-8p?**

The ALJ is "charged with the responsibility of evaluating the medical evidence and the claimant's testimony to form an assessment of her residual functional capacity." *Webb v. Commissioner of Social Security*, 368 F.3d 629, 633 (6th Cir. 2004) (internal quotation marks and brackets omitted). RFC is a medical assessment of what an individual can do in a work setting in

---

³ Plaintiff incorrectly cites this as PageID.613. *See* Plaintiff's Brief at PageID.752.

spite of functional limitations imposed by all of his medically determinable impairments. *See* 20 C.F.R. § 416.945. It is defined as "the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs." 20 C.F.R. Part 404, Subpt. P, App. 2, § 200.00(c).

Plaintiff contends that the RFC determination is deficient because the ALJ did not fully consider the impact of his severe impairments of depression, anxiety, and degenerative disc disease as required by SSR 96-8p. The record reflects that the ALJ considered plaintiff's limitations presented in his Function Report (PageID.69-70, 242-249) and in his testimony (PageID.70, 91-101). The ALJ also reviewed plaintiff's medical treatment in detail regarding COPD, history of heart disease, back pain, depression, anxiety, and obesity (PageID.70-73). The ALJ also reviewed the opinions of non-examining medical consultants R.S. Kadian, M.D. and Howard S. Leitzer, Ph.D. (PageID.73-74).

"Although a function-by-function analysis is desirable, SSR 96-8p does not require ALJs to produce such a detailed statement in writing . . . the ALJ need only articulate how the evidence in the record supports the RFC determination, discuss the claimant's ability to perform sustained work-related activities, and explain the resolution of any inconsistencies in the record." *Delgado v. Commissioner of Social Security*, 30 Fed. Appx. 542, at 547-48 (6th Cir. 2002) (citations and quotation marks omitted). Here, the ALJ made such an articulation:

> I acknowledge the claimant's impairments prevent him from performing more than sedentary work with additional postural and environmental limitations, but the medical record does not support the extent of the claimant's alleged limitations. The record shows the claimant complained of some chest pain and shortness of breath with exertion, but examinations and testing have shown mostly mild findings. Cardiac examination findings have been normal, and pulmonary examinations showed some decreased breath sounds and mild wheezing (Exhibits 8F, 10F, and 12F). Spirometry testing revealed a mild to moderate obstructive impairment (Exhibits 8F/12, 1lF/15, and 12F/34). The claimant also admitted that he continues to smoke, although he is trying to quit (Hearing testimony). Despite

10

> alleging significant back pain, back imaging revealed only mild findings (Exhibit 11F). The claimant did not follow up with physical therapy, but reported significant improvement in his back pain after receiving injections (Exhibits 11F, 13F). At his physical consultative examination, the claimant exhibited normal gait, strength, and range of motion. He did not require the use of an assistive device and completed orthopedic maneuvers without any difficulty (Exhibit 10F). The claimant also described activities he could perform that are generally consistent with the adopted residual functional capacity, such as doing laundry and grocery shopping for short periods of time (Hearing testimony).
>
> The undersigned also carefully considered the claimant's obesity in combination with his other impairments in accordance with SSR 02-lp. The claimant's BMI has ranged from 33.7 to 36.9, which is classified as "obese" under National Institutes of Health Guidelines (Exhibits 1A, 12F/30). Accordingly, the undersigned has included exertional limitations in the residual functional capacity to account for the claimant's limitations related to his obesity.
>
> The record supports the conclusion that the claimant could perform simple, routine tasks and low stress work, with only occasional interaction with coworkers and no interaction with the public. The claimant's mental health treatment has been fairly conservative, consisting of therapy and prescribed medications for depression and anxiety. He has not required emergency or inpatient care for his mental health symptoms. While he reported issues with concentration and memory, examinations generally found his memory and attention to be intact. The claimant described feelings of social anxiety and appeared anxious and depressed. However, he was cooperative and pleasant with his medical providers (Exhibits 9F, 13F/2, 15F).

PageID.72-73.

The ALJ's RFC determination was consistent with his findings. As discussed, *supra*, the RFC placed significant restrictions on plaintiff's work activities to accommodate his physical and mental impairments. The ALJ limited plaintiff to sedentary work "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." *See* PageID.69. In addition, plaintiff was not allowed to climb ladders, ropes, or scaffolds and could only occasionally climb ramps, climb stairs, balance, stoop, kneel, crouch, or crawling. *Id*. Plaintiff could not work at unprotected heights and only occasionally work in humidity, wetness, extreme heat, dusts, odors, fumes, and pulmonary irritants. *Id*. With respect to plaintiff's mental impairments, the ALJ limited him to low stress work involving "simple,

routine tasks", with only occasional interactions with coworkers and, no interactions with the public. *Id*. Based on this record, substantial evidence supports the ALJ's RFC determination. Accordingly, plaintiff's claim of error is denied.

## IV.  CONCLUSION

For these reasons, the Commissioner's decision will be **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner is directed to re-evaluate whether plaintiff meets the criteria of Listing 12.04, Listing 12.06, or both. A judgment consistent with this opinion will be issued forthwith.

Dated: March 25, 2024                    /s/ Ray Kent
                                         RAY KENT
                                         United States Magistrate Judge